## Joseph MCCLELLAND
vs.
## CENTRAL CHEVROLET, INC.

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

April 18, 1980

Roy H. Anderson for the plaintiff.
Leland B. Seabury for the defendant.

Present: Cimini, Larkin & Mullaney, JJ.

MULLANEY. J.    This is an action in contract in which the plaintiff seeks to recover from the defendant certain monies allegedly due as bonuses after the defendant's termination of the plaintiff's employment under an oral employment contract.

The answer denied liability; raised the Statute of Frauds; claimed payment; and claimed that although the defendant had not breached his contract, the plaintiff had.

At the close of trial and before final argument the defendant filed fourteen requests for rulings. The defendant claims in the report to be aggrieved by the rulings on requests numbers 3 through 12. However, in its brief the defendant argues only that the trial judge erred as a matter of law in denying request number 7; and was

inconsistent, as a matter of law, in at the same time allowing defendant's requests numbers 13 and 14. We concern ourselves primarily with those rulings. We find no error in the other rulings numbers 3, 4, 5, 6, 8, 9, 10, 11 and 12.

Requests numbers 7, 13 and 14, and the trial court's rulings thereon, are as follows:

"7. In order to recover the Plaintiff must prove that his discharge was in bad faith.
Denied — Inapplicable — See facts found.

"13. An oral contract for employment without a specific term is terminable at will of either party.
Allowed. Words 'on reasonable notice' should be added after word 'terminable' in each request for greater accuracy.

"14. The evidence warrants a finding that the contract sued upon was terminable at will and was properly terminated by the Defendant.
Allowed. Words 'on reasonable notice' should be added after word 'terminable' in each request for greater accuracy."

The court found the following facts, which were warranted by the evidence:

"1. In June of 1975, the Defendant Corporation employed the Plaintiff as a Used Car Manager, compensating him at a salary of $300.00 per week.

"2. At the time the Plaintiff was employed, he was informed by one authorized by the Defendant Corporation that he would also receive bonuses as his employment continued with a conference scheduled for December of 1975 relative to salary and bonus arrangement beginning January, 1976.

"3. That in December of 1975 the Defendant Corporation agreed that he was to remain employed as a Used Car Manager at $300.00 per week plus a 2½% bonus on the first $100,000.00 of the entire corporation's net profit and 5% bonus on the net profit in excess of $100,000.00. The 2½% ($2,500) was payable at the year's end; and the 5% was payable 2½% during months of the current year with the remaining 2½% payable at year's end. 'Net profit' was profit or that sum remaining from gross income after deducting expenses and before taxes.

"4. In 1976 the Plaintiff was so employed by the Defendant corporation until September 3, 1976 when his services ended by receipt of an oral termination notice given to him by the Defendant Corporation's duly authorized representative.

"5. Prior to the date the services of the Plaintiff came to an end, he never was informed by anyone of the Defendant Corporation that same were unsatisfactory. At the time of the severance, the Defendant Corporation's authorized representative stated to the Plaintiff that the reason for the action was that they were not going anywhere.

"6. During 1976, the Plaintiff received a total of monthly sums aggregating $3,578.00 over and above his weekly salary of $300.00 for each week he was employed in 1976; said monthly sums being paid from April to September of 1976.

"7. At the close of the Plaintiff case, the Defendant rested.

"Based upon the foregoing facts found and the reasonable inferences to be drawn therefrom, the Court finds the following ultimate findings of fact and/or rulings of law:

"A. The Plaintiff was employed by the Defendant Corporation as a Used Car Manager in accordance with an agreement whereby he was to receive $300.00 each week for his compensation plus $2,500.00 at years end, for the first $100,000 of net profit (sum remaining from gross income after deducting all expenses and before taxes); and, if determinable, 2½% of said net profit over

$100,000 payable each month with a balance of 2½% thereof at year's end as accumulated.

"B. That at the time the employment of the Plaintiff was terminated on September 3, 1976, he had received bonus payment funds from April to September of 1976 that aggregated the sum of $3,578.00.

"C. That said bonus payments received in 1976 aggregating $3,578.00 were the 2½% monthly payments on amount of 1976 net profits in excess of $100,000.00, there having been no evidence to the contrary introduced or produced that same were not made in accordance with the employment agreement.

"D. That net profits by the Defendant Corporation were intended to be determined before the end of the year as its agreement with the Plaintiff did provide for monthly payments during the current year of a part or portion of same if found to be due.

"E. That the payment by the Defendant Corporation of a bonus during the year and retaining the greater portion until the year's end for payment is consistent with the employment agreement by and between the parties.

"F. That the monthly-paid bonus during April to September of 1976 by the Defendant Corporation to the Plaintiff aggregating $3,578 leaves a like amount to be retained for payment to the Plaintiff at year's end, in addition to the $2,500.00 retained until year's end on the first $100,000.00 of net profit as per agreement; and, that the Plaintiff never received same.

"G. That the severance of the Plaintiff's employment of September 3, 1976 was not for just cause; and, such severance or termination of his employment thereby caused any and all bonus funds then retained by the Defendant Corporation to become due and payable to the Plaintiff at the date of the cessation of his employment and not, as per the employment agreement.

"Wherefore, judgment is to be entered for the Plaintiff for the sum of $6,078.00 with interest and costs to be added thereto in accordance with law."

This appeal presents two questions to be decided. First, as a matter of law, did the trial judge err in denying request number 7 which stated that "[i]n order to recover the Plaintiff must prove that his discharge was in bad faith." Counsel for both the plaintiff and the defendant cite **Fortune** v. **The Nat'l Cash Register Co.**, 373 Mass. 96 (1977) with favor.

In the **Fortune** case, the Court chose not to speculate as to whether a good faith requirement is implicit in every contract for employment at will. Rather, the Court stated "that, on the facts before us, a finding is warranted that a breach of the contract occurred. ... The same result [breach of contract] obtains where the principal attempts to deprive the agent of any portion of a commission due the agent." Id. at 104-105.

The trial court's ultimate finding in paragraph G is supported by: (1) its subsidiary finding in paragraph 5 that the plaintiff was never informed by anyone of the defendant corporation that his services were unsatisfactory; (2) by the ultimate finding in paragraph D that net profits were intended to be determined before the end of the year; (3) by paragraph F that the monthly payments during April to September, 1976 aggregating $3,578.00 leaves a like amount for payment at year's end, in addition to the $2,500.00 retained until year's end on the first $100,000.00 of net profit as per agreement; and, (4) that the plaintiff never received the same.

The **Fortune** case seems to suggest that a breach of the implied covenant of good faith arises when an employer terminates an employee, who has only an oral contract which is terminable at will without good faith or just cause, and thereby causes the employee to lose bonuses or commissions which were already earned

but held to year's end for payment.

As in the **Fortune** case, the defendant herein rested at the conclusion of the plaintiff's case without offering any evidence. As in the **Fortune** case, the trial judge in this case had evidence and could draw inferences that the employer acted to deprive the employee of commissions and bonuses which were already earned and which would be payable if the employee had been employed longer. The **Fortune** case does not specifically place the burden on the plaintiff to prove bad faith.

Request for ruling number 13 correctly states a principle of law, but the principle is modified by an implied covenant of good faith on both sides. In this case, the court found that the severance was not for just cause and, hence, not in good faith.

Request for ruling number 14 was allowed, which means that on the evidence the court might have found there was just cause, but did not. By adding the words "on reasonable notice" to the requested ruling, the trial judge may well have been finding that if the notice extended to year's end, a period less than four months, the employee would have qualified for his bonuses even under the employer's version of the contract; and that such a period of less than four months would have been a reasonable notice. There was no inconsistency.

No prejudicial error having been found, the report is ordered dismissed.

So ordered.
J. Mullaney